

# THE ATTORNEY GENERAL
## OF TEXAS

PRICE DANIEL
ATTORNEY GENERAL

AUSTIN, TEXAS

December 12, 1949

Hon. L. D. Ransom
Executive Secretary
Texas Real Estate Commission
Austin, Texas            Opinion No. V-960

> Re: The issuance of separate real
> estate dealers' licenses for
> the balance of 1949 to the same
> individual, authorizing him to
> engage as a dealer for himself
> individually, in behalf of a
> corporation, and in behalf of
> a partnership.

Dear Mr. Ransom:

Your recent letter requests our opinion as to the legality of the issuance of Real Estate Dealers' Licenses under the following fact situation:

"There has been issued a real estate dealer's license to a corporation in Houston for the year 1949, setting forth a certain designated officer of said corporation as the agent dealer, and whose name appears on said license, as prescribed by Section 9(d) of the Texas Real Estate Dealers License Act. We have today received two applications for real estate dealer licenses for the remainder of the year 1949. One of said applications is on behalf of a partnership, and in said partnership's application there has been designated one of the partners as the agent dealer on behalf of said partnership. The other said application is for an individual real estate dealer's license. We have noted that the designated agent dealer in said partnership's application and said individual's application for an individual real estate dealer's license are one and the same person, and further that they are the same individual who appears as the agent dealer of the corporation's real estate dealer's license which has previously

been issued.

"Due to the fact that a real estate dealer's license for the year 1949 has previously been issued to a corporation designating a specific officer as the agent dealer on behalf of such corporation, may this office at this time issue a real estate dealer's license for the remainder of the year 1949 to the said partnership and to the said individual when the said individual, the agent dealer for said partnership, will be the one and same person who is the agent dealer on behalf of said corporation, as shown on the said corporation's outstanding real estate dealer's license."

The eligibility of an applicant, be he a person, partnership or corporation, to be licensed is dependent on the terms of the statute.

An applicant who posseses the statutory qualifications and who complies with the statutory conditions is entitled to a license.

The authority to issue a real estate dealers' license is found in Article 6573a of Vernon's Annotated Civil Statutes, as amended by the Acts of the 51st Leg., 1949, R.S., ch. 149, page 304.

Sec. 6 of the Act requires an applicant desiring to act as a real estate dealer to file an application with the Texas Real Estate Commission upon its prescribed form. Applicants may be individuals, partnerships, associations or corporation and if the applicant is a partnership or corporation the applicant is to set forth "the designated member or officer thereof who is to receive his license by virtue of the issuing of a license to the partnership, association or corporation as is provided for in Subdivision (d) of Subsection 10, of Section 6." Sec.6(a)(8).

Other pertinent provisions of Sec. 6, are in subsections (10)(d) and (10)(e) and provide in part:

"(d) Every partnership and association in its application shall designate and appoint one of its members, and every corporation in its

application shall designate and appoint one of its officers, to submit an application for a dealer's license. The application of the said partnership, association, or corporation and the application of said member or officer so designated shall be filed with the Commission together. Upon compliance with all requirements of law by the partnership, association or corporation, as well as by said designated member or officer the Commission shall issue a dealer's license to said partnership, association or corporation, which shall bear the name of such member or officer, and thereupon the member or officer so designated shall, without payment of any further fee, be entitled to perform all the acts of a real estate dealer contemplated by the provisions of this Act; provided, however, said license shall entitle such member or officer so designated to act as a real estate dealer only as officer or agent of said partnership, association or corporation and not in his own behalf; and provided further, that if in any case the person so designated shall be refused a license by the Commission, or in case such person ceases to be connected with such partnership, association or corporation, said partnership, association or corporation shall be entitled to designate another person to qualify and act as in the first instance;

"(e) Each and every member or officer of a partnership, association or corporation who will perform or engage in any of the acts specifically set out in Section 2, Subdivision (a) of this Act other than the designated member or officer of the partnership, association or corporation, in the manner above provided, shall be required to make application for and take out a separate dealer's license in his or her own name individually; provided, however that the license issued to such member or officer or agent of said partnership, association or corporation shall entitle such member or officer to act as real estate dealer only as officer or agent of such partnership, association, or corporation and not on his own behalf." (Emphasis supplied)

Briefly, you desire to know if the same individual may be named as the licensed officer of a licensed corporation, the licensed member of a licensed partnership, and also a fully licensed dealer in his own right.

We construe the underlined portions of Section (10)(d) and (10)(e) as a limitation on the permissible scope of activity under a partnership or corporation license, and not as a limitation on the designated licensee's eligibility for an individual dealer's license in addition to his eligibility to be designated by the partnership or corporation. Since independently of this license law the same person may handle matters for himself, for a partnership of which he is a member, and also for a corporation of which he is an officer, subject only to the common law requirement of truthful disclosures of conflicting interests to all concerned, if they exist, we see no reason to deny that right in real estate transactions by limiting the privilege of anyone person to only one of the categories named.

### SUMMARY

Under Article 6573a, V.C.S., the same person may obtain a real estate dealers' license as an officer of a licensed corporation, such a license as a member of a licensed partnership, and another such license in his individual capacity.

Yours very truly,

ATTORNEY GENERAL OF TEXAS

By David Wuntch
Assistant

DW:gw

APPROVED

FIRST ASSISTANT
ATTORNEY GENERAL